```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                     FORT MYERS DIVISION
```

JASMA FREGIS

       Petitioner,

v.                          Case No: 2:13-cv-163-FtM-29DNF

ERIC HOLDER, Attorney General, JANET NAPOLITANO, Secretary of the Department of Homeland Security, MARK MOORE, Director of the Southern District Field Office, ANTHONY AIELLO, Asst. Field Office Director, and STUART K. WHIDDON, Warden of Immigration Detention Facility,

       Respondents.
_____/

**OPINION AND ORDER**

Petitioner Jasma Fregis ("Petitioner"), a native and citizen of Haiti, filed this petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 (Doc. 1, filed March 5, 2013). At the time Petitioner filed his petition, he was detained at the Glades County Detention Center in Moore Haven, Florida pending the appeal of an order of removal to the Board of Immigration Appeal (Doc. 1 at ¶¶ 3, 18).

Respondents have filed a motion to dismiss the petition for mootness (Doc. 10, filed May 22, 2013). Along with the motion to dismiss, Respondents filed an Order of Supervision showing that

Petitioner is no longer in the custody of Immigration and Customs Enforcement ("ICE") (Doc. 10-1). Petitioner has not filed a response to Respondents' motion, and the time for doing so has passed. Accordingly, the motion is now ripe for review.

For the reasons set forth below, the Court concludes that this action must be dismissed as moot.

**I.  DISCUSSION**

    **a.  *Background***

Petitioner was charged with removability on January 6, 2011 and was denied bond on March 4, 2011 (Doc. 1 at ¶ 18). On August 19, 2011 he was denied all forms of relief, and the charges of removability were sustained. Id. Petitioner appealed the decision on the ground that he was not competent to participate in removal proceedings. Id. Petitioner was found competent to proceed, but his case was remanded for further consideration of Petitioner's removability based on Florida Statute § 893.13 and the merits of Petitioner's arguments. Id. On July 9, 2012, Petitioner was again ordered removed, and he appealed the order to the Board of Immigration Appeal. As of the date on the instant petition, Petitioner had been waiting five months for a decision on his appeal and had been in ICE custody for a total of twenty-seven months. Id. at ¶ 19. In his application for habeas relief, Petitioner seeks release from ICE custody on the ground that the length of his current detention has been unreasonably long.

Respondents have filed a motion to dismiss Petitioner's habeas petition as moot (Doc. 10). Respondents argue that Petitioner challenges only "his continued detention pending removal from the United States, not the underlying order of removal." (Doc. 10 at 2). To their motion to dismiss for mootness, Respondents have attached an Order of Supervision which demonstrates that Petitioner was released from ICE custody on May 20, 2013 and has been allowed to remain at large pending his deportation (Doc. 1-1 at 2).

### b.  *Plaintiff's release from detention under an order of supervision moots Petitioner's challenge to the legality of his extended detention*

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001)(internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336. However, a petitioner's release from custody does not automatically moot a petitioner's claim. Instead, as the United States Supreme Court has recognized, the "in custody" provision of 28 U.S.C. § 2254 requires only that a petitioner be incarcerated – or, as here, in INS custody – at the time a habeas petition is filed. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998).

The inquiry then becomes whether one of the exceptions to the mootness doctrine applies. The courts have developed two exceptions to the mootness doctrine: (1) the existence of collateral consequences; and (2) when events surrounding the case are capable of repetition yet evading review. <u>Carafas v. LaVallee</u>, 391 U.S. 234, 237 (1968); <u>Murphy v. Hunt</u>, 455 U.S. 478, 482 (1982).

A habeas petition continues to present a live controversy after the petitioner's release or deportation, when there is some remaining "collateral consequence" that may be redressed by success on the petition. See <u>Spencer</u>, 523 U.S. at 7, ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction-must exist if the suit is to be maintained."); <u>Lopez v. Gonzales</u>, 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his application for cancellation of removal).

In the instant case, Petitioner challenges only his extended detention and seeks release from ICE custody. Specifically, Petitioner challenges the decision of ICE to hold him in extended custody pending the conclusion of his appeal to the Board of Immigration Appeal. Petitioner does not challenge the underlying order of removal (Doc. 1 at ¶¶ 5-8). However, Petitioner is no longer in ICE custody because he has been released under an Order

of Supervision (Doc. 10 at Ex. A, "Order of Supervision"). Accordingly, Petitioner's claim was resolved by his release from custody. Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." Al Najjar, 273 F.3d at 1236, 1253; Riley v. I.N.S., 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a petitioner's challenge to the legality of his extended detention); Nunes v. Decker, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended detention mooted § 2241 habeas petition because the alien "achieved the result he sought in his habeas petition"); see also Khader v. Holder, 843 F. Supp. 2d 1202, 1202-03 (N.D. Ala. 2011); Hernandez-Gonzalez v. Holder, Case No. 2:13-cv-190-FtM-29DNF, 2013 WL 1729005, * 1-2 (M.D. Fla. 2013).

The exception to the mootness doctrine for events "capable of repetition, yet evading review" applies when: (1) the challenged action is too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would be subjected to the same action again. Weinstein v. Bradford, 423 U.S. 147, 149 (1975). Because Petitioner has been released pending the appeal of his removal order, the circumstances of this case happening again are too speculative to create a controversy sufficient to support a

claim for relief.  See Ijaoba v. Holder, Case No. 4:12-cv-3792-JHH-RRA, 2013 WL 1490927, * 1 (N.D. Ala. 2013) ("Since the petitioner has been released pending his deportation to Nigeria, the circumstances of this case happening again are too speculative to create an actual controversy sufficient to support a claim for relief.").

**II.  CONCLUSION**

Since this Court is unable to grant any further relief to Petitioner, his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed as moot.

Accordingly, it is now **ORDERED**:

1.  Respondents' Motion to Dismiss for Mootness (Doc. 10) is **GRANTED**.

2.  Petitioner's petition for writ of habeas corpus (Doc. 1) is dismissed as moot.

3.  The **Clerk of Court** is directed to enter judgment accordingly and to close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this ___7th___ day of January, 2014.

　　　　　　　　　　　　　　　　　　　　JOHN E. STEELE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

SA: OrlP-4 1/7/14
Copies: All Parties of Record

6